UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETER W. LAES,

                Plaintiff,

    v.                                                                                      Case No. 07-C-63

GENUINE PARTS COMPANY,

                Defendant.

## ORDER

On January 18, 2007, Peter W. Laes ("Laes") filed a complaint against his former employer, Genuine Parts Company ("GPC"), alleging that GPC violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et. seq., by constructively discharging him because of his health status and violated the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et. seq., by refusing to reinstate him to his former position and by constructively terminating his employment. On February 7, 2007, GPC answered the complaint. On May 9, 2007, Laes filed an expedited non-dispositive motion pursuant to Civil Local Rule 7.4 seeking leave to file an amended complaint. GPC has responded and opposes Laes' motion. The pleadings on the plaintiff's motion are closed and the matter is ready for resolution. All parties have previously consented to the full jurisdiction of a magistrate judge.

Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). In the absence of "delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment" and other similar reasons, the motion to amend should be freely given. Foman, 371 U.S. at 182.

Laes initially alleged that he took FMLA leave from January 14, 2005 until January 21, 2005 and then was constructively terminated on February 15, 2005. However, following GPC's answer to the complaint, the parties exchanged records and GPC's payroll records indicate that Laes worked eighty-two hours during the two week period ending January 22, 2005. Other documents indicate that Laes continued to work for GPC until April 1, 2005. (See Dec. of Patricia E. Simon, ¶¶4-8, Docket No. 12-2.)

Laes now seeks to amend his complaint to allege that he took intermittent leave between January 14, 2005 and February 14, 2005 in order to attend medical appointments, rather than his original allegation that was on medical leave from January 14, 2005 until January 21, 2005. Laes originally alleged that he was not released by his doctor to return to GPC on a full-time basis without restrictions until January 21, 2005; Laes now alleges this release did not come until February 14, 2005. Additionally, Laes originally alleged that he was told that GPC had decided he could work only part-time after he returned from FMLA leave; he now alleges he was told this after he "exercised his FMLA rights." Finally, Laes seeks to add an additional FMLA cause of action to his complaint by arguing not only that Laes violated the FMLA by refusing to reinstate Laes but also by retaliating against him in response to his exercise of his FMLA rights.

GPC argues that permitting Laes to file an amended complaint would fundamentally alter the nature of this case, prejudice GPC, and reward Laes for failing to take reasonable steps to investigate his claim prior to initiating this lawsuit. GPC alleges it would be prejudiced because an amended complaint would require additional round of discovery and would require postponement of the five depositions currently scheduled for June 6-7, 2007.

In the parties' joint Rule 26(f) report, they state that neither party anticipates the amendment of the pleadings, but "reserve their rights to do so, should further investigation or discovery" warrant such action. It certainly appears that Laes initiated this lawsuit without conducting the

necessary investigation into his claims. Laes originally alleged he stopped working for GPC in February but evidence now indicates that this happened a month-and-a-half later. Laes originally alleged that he took medical leave consisting of a specific six-day period. These are the sorts of things the court would expect a plaintiff to accurately recall when initiating a lawsuit. Now that he has been presented with payroll records contradicting this claim, Laes seeks to amend his complaint to allege that he took intermittent leave for doctor appointments over a one-month period. Even though greater diligence by plaintiff might have avoided the present motion, this scenario fits within the parties' Rule 26(f) statement.

Moreover, GPC has failed to demonstrate that permitting Laes to amend his complaint at this early stage would prejudice GPC. There is no showing that any depositions that have been taken would have to be redone as a result of the amendment. As to the upcoming depositions, perhaps GPC may prefer to reschedule, but sufficient time still remains to prepare for the previously scheduled depositions, especially since Laes' proposed amendments do not fundamentally alter the nature of Laes' claims. Finally, the court sees no reason as to why any additional fact discovery that might be needed could not be completed by the previously established discovery deadline of August 15, 2007.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to file an amended complaint is **granted**. The court shall accept the plaintiff's previously filed proposed amended complaint as his amended complaint. The defendant shall answer the amended complaint within ten days of the date of this order.

Dated at Milwaukee, Wisconsin this <u>17th</u> day of May, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge